*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-1416**

Gregory T. Dyrdal,
Appellant,

vs.

James Wallenberg, et al.,
Respondents.

**Filed May 6, 2024**
**Affirmed**
**Schmidt, Judge**

Pennington County District Court
File No. 57-CV-22-792

David C. McLaughlin, Carrie E. Backman, Fluegel, Anderson, McLaughlin, & Brutlag, Chartered, Ortonville, Minnesota (for appellant)

John A. Markert, Patrick H. O'Neill III, Larson King, LLP, St. Paul, Minnesota; and

Evan M. Niefeld, Evan M. Niefeld, Ltd., Eden Prairie, Minnesota (for respondents)

Considered and decided by Schmidt, Presiding Judge; Slieter, Judge; and Klaphake, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**SCHMIDT**, Judge

Appellant Gregory Dyrdal argues that respondents James Wallenberg, et al., co-trustees of the Wallenberg Family Trust (the Trust), cannot enforce a money judgment because Minn. Stat. § 550.366 (2022) bars enforcing a judgment for the unpaid balance of a debt on agricultural property after three years from when the judgment was entered. Because Dyrdal's judgment debt is not a "debt on agricultural property" or incurred "while in the operation of a family farm," we affirm.

## FACTS

In 2009, Dyrdal entered into a lease agreement for farmland with David Wallenberg that included a purchase option. Dyrdal recorded the lease in March 2010. Unbeknownst to Dyrdal, the farmland was owned by the Trust, not David Wallenberg—who has never been a trustee of the Trust. In 2010, Dyrdal wrote a letter seeking to exercise the purchase option in the lease. An attorney for the Trust notified Dyrdal that the Trust had no records concerning the lease or purchase option regarding the property. Nonetheless, the attorney noted that the Trust was willing to "put together a Purchase Agreement" to sell the farmland to Dyrdal. Dyrdal did not exercise this purchase option with the Trust.

Dyrdal recorded a notice of lis pendens[1] with Pennington County and later filed a lawsuit against the Trust to enforce the lease. The trustees counterclaimed for quiet title

---

[1] A notice of lis pendens is a "warning that title to property is in litigation and impedes a property owner's right to free alienability of real estate." *Bly v. Gensmer*, 386 N.W.2d 767, 769 (Minn. App. 1986).

and slander of title. In that case, the district court concluded that Dyrdal's lease constituted a sublease with David Wallenberg who had no right to enter the lease. As such, the district court held that Dyrdal had no right, title, or interest in the farmland. The court dismissed Dyrdal's claim and held a jury trial on the counterclaims. A jury found in favor of the Trust, determined that Dyrdal committed slander of title, and awarded the Trust $34,997 in special damages. After entry of the verdict, the district court awarded additional special damages of $76,581.25 in attorney fees, $6,671.61 in interest, and $7,487.06 in costs. The total award to the Trust amounted to over $125,000. Judgment was entered in May 2016.[2]

In 2022, the trustees attempted to collect on the judgment. Dyrdal sued the Trust to shield his assets from the collection efforts, claiming that because the slander-of-title judgment was an unpaid balance of a debt on agricultural property, the three-year statutory limitation in Minn. Stat. § 550.366, subd. 2, barred collection of the judgment.

The district court granted the Trust's motion for summary judgment, concluding that section 550.366 does not apply because Dyrdal's debt did not arise from defaulting on a farm obligation or from an agricultural debt. The court further concluded that Dyrdal cannot prevail because the judgment debt arose from an intentional tort. The district court dismissed, with prejudice, Dyrdal's lawsuit because the Trust's collection efforts were not time-barred.

---

[2] In December 2016, Dyrdal sued his attorney who represented him in the slander-of-title litigation. *Dyrdal v. McDowell*, Nos. A18-1301, 2019 WL 2262239, at *2 (Minn. App. May 28, 2019). The trustees also sued Dyrdal's attorney in March of 2017 because they were unable to collect damages from Dyrdal. *Id.* The district court consolidated both cases and dismissed the lawsuits. *Id.* This court affirmed. *Id.* at *2-5.

3

Dyrdal appeals.

**DECISION**

Appellate courts review the grant of summary judgment de novo to determine whether there are genuine issues of material fact and whether the district court erred in its application of the law. *Montemayor v. Sebright Prods., Inc.*, 898 N.W.2d 623, 628 (Minn. 2017); *see also Kenneh v. Homeward Bound, Inc.*, 944 N.W.2d 222, 228 (Minn. 2020). The parties here only dispute the application of law to the undisputed facts.

Dyrdal seeks protection under the statute, which provides that a "judgment for the unpaid balance of a debt on agricultural property owed by a farm debtor may not be executed upon real or personal property after three years from the date the judgment was entered." Minn. Stat. § 550.366, subd. 2. The statute defines agricultural property as "personal property that is used in a farm operation." Minn. Stat. § 550.366, subd. 1(1). "Farm debtor" is defined, in relevant part, as "a person who has incurred debt while in operation of a family farm." Minn. Stat. § 550.366, subd. 1(2).

Dyrdal contends that the district court erred in relying on this court's decision in *Green v. Kellen*, 921 N.W.2d 768 (Minn. App. 2018), *rev. denied* (Minn. Feb. 19, 2019), to conclude that the statute does not apply to judgment debts arising from intentional torts. We disagree.

In *Green*, we rejected an argument that the three-year statutory bar applied to a debt arising from defamation and conversion claims. *Green*, 921 N.W.2d at 769-70. We concluded that the "judgment debt"—stemming from intentional torts—"was not a debt owed *on* his agricultural property." *Id.* at 772 (emphasis in original). Since the statute's

4

use of the word "debt" "does not encompass all judgment debts," we concluded that a debt arising from an intentional tort cannot be "on agricultural property" or "incurred while in the operation of a family farm." *Id.*

Dyrdal first argues that the intentional tort language in *Green* "was dictum that does not bind" this court. Dyrdal fails to acknowledge the syllabus point in *Green*: "Minnesota Statutes section 550.366 (2016), which provides a three-year limitation on the execution of judgments for the balance of unpaid debts on agricultural property owed by a farm debtor, does not apply to judgment debts resulting from intentional torts." *Id.* at 769. As the supreme court has stated, the syllabus of a case "summarizes the [authoring court's] holding." *Albright v. Henry*, 174 N.W.2d 106, 111 (Minn. 1970); *see also Sefkow v. Sefkow*, 427 N.W.2d 203, 214 (Minn. 1988) (citing syllabus of a prior opinion as authority). The intentional-tort ruling in *Green* was essential to the holding in the case and cannot be set aside as mere dictum.

Dyrdal further argues that *Green* should be limited to actions for the intentional torts of conversion and defamation. Dyrdal asserts that, unlike conversion and defamation, his debt relates to ordinary farm operations such as leasing and buying farmland. But a slander-of-title debt is not "incurred debt while in the operation of a family farm" or "on agricultural property." Minn. Stat. § 550.366, subds. 1(2), 2.

Instead, Dyrdal's debt from the slander-of-title judgment arose because a jury found him liable for slander of title after he intentionally and maliciously published a false statement about the property when he had no legal interest in the disputed property. *See Paidar v. Hughes*, 615 N.W.2d 276, 279-80 (Minn. 2000) (describing elements of slander

5

of title).  The malicious act of publishing a false statement concerning the property is an intentional tort that has no connection to the "operation of a family farm."  Minn. Stat. § 550.366, subd. 1(2).  Thus, the district court correctly ruled that the three-year limitation in section 550.366 does not bar the trustees from collecting the outstanding judgment against Dyrdal for the intentional tort of slander of title.

**Affirmed.**